Scot Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHUTTERSTOCK, INC., a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. Copyright Infringement<br>2. Vicarious and/or Contributory Infringement<br>3. Violation of the DMCA: 17 U.S.C. § 1202<br><br><u>Jury Trial Demanded</u> |

Plaintiff Elliot McGucken ("Plaintiff" or "McGucken"), by his attorneys Doniger / Burroughs, for his complaint against defendant Shutterstock, Inc. ("Shutterstock"), and Does 1-10, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1
COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Elliot McGucken is an individual residing in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant Shutterstock, Inc., is a Delaware corporation and is doing business in and with the State of California.

6. Defendants Does 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHY

8. McGucken is an award-winning fine art photographer who created and owns certain photography ("Subject Photography"), depicted in **Exhibit 1** attached hereto.

9. Plaintiff has registered the Subject Photography and was granted U.S. copyright registrations as set forth in **Exhibit 1** attached hereto.

10. Plaintiff is informed and believes and thereon alleges that following his publication and display of the Subject Photography, Shutterstock, Doe Defendants, and each of them used the Subject Photography without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the uses set forth in **Exhibit 1** attached hereto ("Accused Works"). These exemplars are not meant to encompass all Accused Works; the claims made herein are as to any image displayed, published, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Photography.

11. A comparison of the Subject Photography with the corresponding images of the Accused Works reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

12. On information and belief, Plaintiff alleges that Defendants, along with Doe Defendants, were involved in creating and/or developing the Accused Works, and/or supplying, marketing distributing, selling, and otherwise providing the Accused Work to third parties, including without limitation, the public.

13. Plaintiff at no time authorized Defendants, or any of them, to use the Subject Photography as complained of herein.

14. Shutterstock has previously infringed on Plaintiff's copyrights in his original photography, for which Plaintiff filed suit against Shutterstock at Case No. 1:22-cv-00905-GHW.

15. On information and belief, it is alleged that Shutterstock knew, or should have known, that its exploitation of McGucken's photography by, inter alia, displaying said photography, offering it for license, and licensing the works, was infringing Plaintiff's rights in his photography, including, but not limited to, as a result of the prior lawsuit for copyright infringement by Plaintiff against Shutterstock identified above.

16. On information and belief, it is alleged that Shutterstock had substantial involvement in approving, selecting, moderating, and/or modifying Plaintiff's photography, and

making said work available and accessible to its customers and viewers, and that Shutterstock financially benefitted from its infringement of Plaintiff's copyrights.

17.    On information and belief, Plaintiff alleges that Shutterstock advertised, marketed, and offered to licensed Plaintiff's photography, without his consent, to its customers and the public.

# FIRST CLAIM FOR RELIEF

**(Copyright Infringement - Against All Defendants, and Each)**

18.    Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

19.    Defendants, and each of them, had access to the Subject Photography, including, without limitation, through viewing the Subject Photography on Plaintiff's websites, photography site accounts, social media accounts, and the internet.

20.    Defendants, and each of them, infringed Plaintiff's copyright by copying, publishing, distributing, offering for license, licensing, and displaying the Subject Photography to the public, including without limitation, on the website set forth in **Exhibit 1**, without Plaintiff's authorization or consent.

21.    Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photography in an amount to be established at trial.

23.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for

statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)**

24. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

25. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged herein. Such conduct included, without limitation, publishing the Subject Photography obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photography.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website listings that incorporated the unauthorized copies of the Subject Photography, and were able to supervise the publication of said posts.

27. On information and belief, Plaintiff alleges that Shutterstock provided the Subject Photography to numerous third parties without McGucken's consent and caused those third parties to unlawfully reproduce, display, create derivative works from, and distribute the Subject Photography, and financially benefitted from those improper arrangements.

28. On information and belief, Plaintiff alleges that Shutterstock induced, participated in, and contributed to the infringement of third parties, and had the right and ability to supervise this infringing conduct and cause it to cease and desist.

29. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

**(Violation of 17 U.S.C. 1202 - Against All Defendants, and Each)**

32. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

33. The Subject Photography was routinely published with attribution, credit, and other copyright management information identifying McGucken as the author.

34. Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information to the Subject Photography, before distributing and publishing same.

35. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photography via the Shutterstock website, under Shutterstock's own name and/or under Shutterstock's contributor's own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata.

36. Plaintiff alleges on information and belief that Shutterstock advertised its website and subscription packages using the Subject Photography and in doing so displayed the Subject Photography with false copyright management information. Such instances include, but are not limited to, the instances set forth in **Exhibit 1** and certain instances where Shutterstock attributed certain Subject Photography to a Shutterstock contributor known as "4PhotoStudio", as set forth below:



37. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

38. When Defendants published the Subject Photography, they knowingly provided and/or distributed false CMI in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

39. When Defendants published the Subject Photography, they removed Plaintiff's copyright management information from the Subject Photography knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

40. As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

    **a.**    That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photography, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photography from their respective websites, catalogs, marketing and advertisement materials.

    b.    That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

    c.    That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

    d.    That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

    e.    That Plaintiff be awarded his costs and fees under the statutes set forth above;

f.   That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g.   That Plaintiff be awarded pre-judgment interest as allowed by law;

h.   That Plaintiff be awarded the costs of this action; and

i.   That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 12, 2023

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff